**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| ALEXANDRA PASSARELLI and ANDREA SADICK-BROWN, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NAVIENT SOLUTIONS, INC. )<br>f/k/a SALLIE MAE, INC., )<br>)<br>Defendant. ) | CIVIL ACTION NO.: 3:14-cv-1423 |

**PLAINTIFFS' COMPLAINT**

ALEXANDRA PASSARELLI (individually "Passarelli") and ANDREA SADICK-BROWN (individually "Sadick-Brown") (collectively "Plaintiffs"), through their attorneys, allege the following against NAVIENT SOLUTIONS, INC. f/k/a SALLIE MAE, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

**JURISDICTION and VENUE**

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331.

3. Defendant conducts business in the State of Connecticut thereby establishing personal jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Passarelli is a natural persons residing in Meriden, Connecticut.

6. Sadick-Brown is a natural persons residing in Guilford, Connecticut.

7. Defendant is a business entity with an office located at 2001 Edmund Halley Dr., Reston, Virginia 20190.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Prior to the filing of this action, Passarelli obtained a personal line of credit ("student loan") from Defendant. Sadick-Brown co-signed the student loan.

10. Sometime thereafter at a date known to Defendant, Defendant began calling (203) 443-75xx, Passarelli's cellular telephone number, and (203) 988-72x, Sadick-Brown's cellular telephone number.

11. Defendant's calls are not for emergency purposes.

12. All of Defendant's telephone calls to Plaintiffs were placed using an automatic telephone dialing system or other equipment capable of storing and/or producing telephone numbers ("auto dialer").

13. Defendant has been assigned multiple telephone numbers from its telephone provider(s) which it used to call Plaintiffs including, but not limited to, 302-283-8268, 302-283-4088, 765-283-3253 and 302-283-4040.

14. Passarelli repeatedly instructed Defendant not to call her cell phone, explaining that its continued calls to her cell phone during the day could cause her to lose her job.

15. Defendant continued to call Passarelli's cell phone while she was at work.

16. At around 6:19PM on May 13, 2014, Passarelli called Defendant at 888-272-5543

and spoke with one of Defendant's employees.

17. Passarelli instructed Defendant to stop calling her cell phone.

18. Passarelli revoked any authorization, actual or implied, to call her cell phone.

19. Despite Passarelli's instructions, Defendant continued to use a predictive dialer to call her cell phone.

20. Defendant's called Passarelli's cell phone approximately three hundred eleven (311) times since speaking with her on May 13, 2014 and September 3, 2014.

21. Sadick-Brown also spoke with Defendant, calling telephone number 866-212-3755 on May 19, 2014, at around 8:37AM.

22. Sadick-Brown also instructed Defendant to stop calling her cell phone.

23. Sadick-Brown revoked any authorization, actual or implied, to call her cell phone.

24. Despite Sadick-Brown's instructions, Defendant continued to use a predictive dialer to call her cell phone.

25. Defendant's called Sadick-Brown's cell phone approximately two hundred ninety (290) times between May 20 and August 31, 2014.

26. Defendant knowingly, voluntarily and willfully used an auto dialer to call Plaintiffs' cell phones.

27. Defendant intended to use an auto dialer to call Plaintiffs' cell phones.

28. Plaintiffs are annoyed and feel harassed by Defendant's repeated calls to their cell phones.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

29. Defendant's actions alleged *supra* constitute numerous negligent violations of the

TCPA, entitling Plaintiffs to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiffs to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

31. Statutory damages of $500.00 to Passarelli for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

32. Statutory damages of $1500.00 to Passarelli for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

33. Statutory damages of $500.00 to Sadick-Brown for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

34. Statutory damages of $1500.00 to Sadick-Brown for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

35. All court costs, witness fees and other fees incurred; and

36. Any other relief that this Honorable Court deems appropriate

RESPECTFULLY SUBMITTED,

Dated: <u>September 26, 2014</u>        By:<u>/s/Jonathan Cohen</u>
                                        Jonathan G. Cohen, Esquire
                                        2 Congress St., Hartford, CT 06114
                                        Tel: 860 527 8900
                                        Fax: 860 527 8901
                                        CT Juris #: 410275
                                        jgcohen@yahoo.com
                                        Attorney for Plaintiffs